FILED
January 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003223761

3
JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No: 10-51375-B-13J |
| | DC No.: JPJ-1 |
| DUSTIN DOUGLAS HITT, TERR DANNETTE HITT, | **TRUSTEE'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND CONDITIONAL MOTION TO DISMISS CASE** |
| | DATE: February 8, 2011 |
| | TIME: 9:32 A.M. |
| Debtor(s) | COURTROOM: 32 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The trustee is unable to fully assess the feasibility of the plan. The debtor failed to provide the trustee with copies of his payment advices or evidence of income received within the 60 day period prior to the filing of the petition. The debtor has failed to comply with 11 U.S.C. §521(a)(1)(B)(iv).

///

///

2. The trustee is unable to fully assess the feasibility of the plan. The debtor failed to provide the trustee with a copy of his tax return for the most recent tax year a return was filed. The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(1).

3. The trustee is unable to fully assess the feasibility of the plan filed on December 14, 2010 as the plan is incomplete. The plan fails to specifiy a dividend to Class 7 general unsecured creditors.

4. The plan fails to comply with 11 U.S.C. Section 1325(b)(1)(B). The Statement of Current Monthly Income (Form 22C) includes an improper deduction at line 60 for vehicle insurance in the amount of $135.00. This expense is already accounted for at line 27A for Local Standards: transportation. Form 22C also fails to include a deduction at line 28(b) for the average monthly payment for the vehicle loan on vehicle 1. According to line 47, the average monthly payment is $368.12. The trustee calculates that the debtors' correct monthly disposable income is $1,293.47 and the debtors must pay no less than $77,608.20 to Class 7 general unsecured creditors. The plan fails to specify a dividend to Class 7 general unsecured creditors.

5. The trustee is unable to fully determine if the plan complies with 11 U.S.C. Section 1325(a)(4). According to Schedule B, the debtors own or have an interest in two ATV's, a 2005 Ford Expedition and a 2001 Mazda B4000 with an aggregate value of $15,000.00. Because the debtors combined the values of all four of these items, the trustee is unable to determine the value of each item individually and is also unable to determine if any of these items are not subject to a claim of exemption on Schedule C.

///

///

///

WHEREFORE the movant prays that the Court enter an order denying confirmation of the debtor's Plan, and an order dismissing the case unless on or before February 22, 2011 the Debtor files a new plan and all necessary and related motions, including without limitation motions to value collateral and motions to avoid liens, properly serves the new plan and the motion(s), and sets the motion(s) for hearing on the next available chapter 13 calendar that provides proper notice for all of the motions to be heard on the same calendar.

Dated: January 20, 2011

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee

10-51375-B-13J

DUSTIN DOUGLAS HITT
TERR DANNETTE HITT

3